(139 So. 879)

## BATES v. STATE.

### 7 Div. 854.

Court of Appeals of Alabama.

Feb. 16, 1932.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

To the indictment which charged arson in the second degree, the defendant pleaded (1) "not guilty," and (2) "not guilty by reason of insanity." He was convicted as charged and was duly sentenced to an indeterminate term of imprisonment in the penitentiary.

There was evidence tending to prove the corpus delicti, and also to connect this appellant with the commission of the offense. The evidence as to this was in conflict, and there was also some conflict in the evidence upon the issue involved as a result of the special plea of the accused. This being true, the affirmative charge was not in point and was properly refused.

The court's rulings upon the admission of evidence, to which exceptions were reserved, are so clearly without error no discussion in this connection will be indulged.

It was within the sound discretion of the court to decline to permit the jury to visit the scene of the alleged fire and to view the remains of the building in question. This discretion was in no manner abused for the reasons stated by the court were ample to justify and sustain the court in the ruling complained of.

No motion was made to the court to declare a mistrial because of the absence of defendant's witness, Mrs. Bates, who was suddenly taken ill after the trial had been entered into and was unable to appear. The insistence to the effect that the court should have declared a mistrial ex mero motu because of this is not tenable and cannot be sustained. In this connection the court accorded to counsel for defendant every opportunity to make a showing for the sick witness, which was done, and no error appears in this connection. Moreover, the trial court will not be put to error in the absence of any ruling and exception, and only then when such ruling is erroneous and prejudicial to the substantial rights of the accused.

No error appears upon the trial of this case. The record is regular also. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.